## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MARLON PRICE,** individually | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No.** 3:19-cv-1702 |
| **HOMEBRIDGE FINANICAL** | § | |
| **SERVICES, INC.** | § | |
| | § | |
| **Defendant.** | § | **Jury Demanded** |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Marlon Price ("Plaintiff") brings this Fair Labor Standards Act ("FLSA") suit against Homebridge Financial Services, Inc. ("Defendant" or "Homebridge") and shows as follows:

### I.      NATURE OF SUIT

1.      The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.      Defendant violated the FLSA by failing to pay Plaintiff for all overtime hours he worked in excess of 40 weekly.  Plaintiff brings this action as a failure to pay wages in accordance with the Fair Labor Standards Act. 29 U.S.C. §§ 206-7, 215(a)(2).

## II.    PARTIES

3.    Plaintiff Marlon Price ("Plaintiff") is an individual who resides in Texas and was employed by Defendant within the meaning of the FLSA.  He hereby consents to be a party in this action and his consent form is attached as "Exhibit A."

4.    Plaintiff is a former non-exempt worker that was responsible in whole or in part for reviewing client documentation and assuring legal compliance to Defendant's clients, known as a "Funder" or by some other name, but was not properly paid for all of his hours worked.

5.    Defendant Homebridge is a Texas corporation and can be served with process through its registered agent, C T Corporation System, at 1999 Bryan St. Ste. 900 Dallas, Texas, 75201, or wherever they may be found.

## III.    JURISDICTION AND VENUE

6.    This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

**7.**    Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District.

## IV.    COVERAGE

8.    At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

9.    At all times hereinafter mentioned, Defendant has been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10.    At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11.    At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of

the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## V.    FACTUAL ALLEGATIONS

12.    Defendant Homebridge provides home financing services to customers throughout Texas and the United States and earns in excess of $500,000.00 in gross sales per year.

13.    Plaintiff Marlon Price worked as a "Funder" for Defendant during the three years prior to the filing of this lawsuit and through approximately March 2019.

14.    In this capacity, Plaintiff was one of Defendant's Funders and helped to review client documentation and assured legal compliance for Defendant's clients throughout Texas.

15.    Plaintiff would additionally receive text messages from his supervisors suffering or permitting him to perform additional tasks for the day after official work hours but would not receive pay for this additional work since he was not "clocked in".

16.    As a result of these practices, Plaintiff was not paid for all hours he worked for Defendant.  Particularly, Plaintiff routinely worked more than 40 hours in a week for Defendant, but Defendant failed to pay him overtime for all of his hours of work in excess of 40 hours weekly. Instead, Defendant maintained a willful policy that it would only pay overtime when Plaintiff received approval of the overtime hours by a supervisor in advance.  If Plaintiff worked in excess of 40 hours weekly but failed to get this approval, Defendant would not pay him for any overtime hours during that pay period.

17.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

## VI.     CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

18.     During the relevant period, Defendant has violated and has been violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for all work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed or by failing to pay minimum wages to such employees.  Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

## VII.     RELIEF SOUGHT

19.     WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

a.      For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b.      For an Order awarding Plaintiff the costs of this action;

c.      For an Order awarding Plaintiff attorneys' fees;

d.      For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,


 /s/ *J. Forester*_____

**J. FORESTER**
Texas Bar No. 24087532
Forester Haynie, PLLC
1701 N. Market Street, Suite 210
Dallas, Texas  75202
(214) 210-2100 phone
(214) 346-5909 fax
jay@foresterhaynie.com

**ATTORNEY FOR PLAINTIFF**